

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JEANET PRESLEY | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| HOME DEPOT U.S.A., INC. | § | 3-08 CV0475-B |
| | § | |
| Defendant | § | |

20295

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:

Defendant **HOME DEPOT U.S.A., INC.** files this Notice of Removal.  As grounds for removal, Defendant states as follows:

1.      **JEANET PRESLEY** (hereinafter referred to as "Plaintiff") is the Plaintiff in this civil action, originally filed on September 4, 2007, in the 95th Judicial District Court for Dallas County, Texas, styled "*Jeanet Presley vs. Home Depot U.S.A., Inc.*," Cause No. 07-10228.  Attached hereto and marked as Exhibit "A" is an index of all documents filed in the 95th Judicial District Court for Dallas County, Texas, which clearly identifies each document and indicates the date the document was filed in state court as required by 28 U.S.C. §1446(a) and Local Rule 81.1.  Included with the index is a copy of each document filed in the 95th Judicial District Court for Dallas County, Texas, except discovery material, individually tabbed and arranged in chronological order according to the state court file date.  Attached and marked as Exhibit "B" is a certified copy of the District Court Docket Sheet as required by Local Rule 81.1.

2.      On or about February 27, 2008, Defendant received a demand letter from Plaintiff demanding the sum of $135,000.00 to settle any and all claims against Home Depot U.S.A., Inc. and since the settlement demand exceeds $75,000.00, grants federal jurisdiction for this claim. This Notice of Removal is filed within thirty (30) days of service of Plaintiff's demand letter and is timely filed under 28 U.S.C. §1446(b).

3.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that Plaintiff is now, and was at the time the action was commenced, diverse in citizenship from Defendant.   Defendant is a corporation that was incorporated under the laws of the State of Delaware, having its principal office and place of business now, and at the time this action was commenced, in Atlanta, Georgia.

4.      Pursuant to Plaintiff's demand letter, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.00. *Please see Plaintiff's demand letter, a copy of which is attached to this Notice of Removal and marked as Exhibit "C."* Although Plaintiff has not filed formal pleadings setting forth the amount of damages sought, the Plaintiff's demand letter places Defendant on notice of the minimum amount of damages that Plaintiff is seeking. See *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1995).

5.      Removal of this action is proper under 28 U.S.C. §1441 since it is a civil action brought in state court and the federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are diverse in citizenship.

### DEMAND FOR TRIAL BY JURY

6.      Pursuant to FED. R. CIV. P. 38(b) and 81(c), Defendant hereby demands that this case be tried by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant **HOME DEPOT U.S.A., INC.**, pursuant to federal law and in conformity with the requirements set forth in 28 U.S.C. §1446, removes this action for trial by jury from the 95th Judicial District Court for Dallas County, Texas, to this Court on the 18th day of March, 2008.

Respectfully submitted,

Bernard R. Suchocki (Attorney-in-Charge)
State Bar No. 19458500
SUCHOCKI & ASSOCIATES, P.C.
Crosslands Plaza
6320 Southwest Blvd., Suite 222
Fort Worth, Texas 76109
(817) 338-0088
(817) 338-0086 (fax)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned attorney for Home Depot U.S.A., Inc. certifies that, on March 18, 2008, a copy of the Notice of Removal in this action was filed with the 95th Judicial District Court, Dallas County, Texas, and that written notice of the filing of the Notice of Removal was mailed, via certified mail, to the party named above as Plaintiff in this action, by and through her attorney of record. Removal of this action is effective as of March 18, 2008 pursuant to 28 U.S.C. §1446.

DATE:    March 18, 2008

Bernard R. Suchocki

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JEANET PRESLEY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **HOME DEPOT U.S.A., INC.** | § | |
| | § | |
| **Defendant** | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| | | |
|---|---|---|
| 1. | Plaintiff's Original Petition and Jury Demand | September 4, 2007 |
| 2. | Home Depot U.S.A., Inc., Defendants' Original Answer | October 4, 2007 |
| 3. | Scheduling Order (Level 1 or 2) | October 19, 2007 |
| 4. | Home Depot U.S.A., Inc., Defendant's Filing of Agreement Pursuant to TEX. R. CIV. P. 11 *[regarding discovery extension]* | November 8, 2007 |
| 5. | Agreed Motion to Substitute Mediator | March 11, 2008 |
| 6. | Docket Sheet | March 17, 2008 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on each attorney of record, via regular mail, pursuant to FED. R. CIV. P. 5.

DATED:   March 18, 2008

_____
Bernard R. Suchocki





CAUSE NO. 07-10228

| | | |
|---|---|---|
| JEANET PRESLEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | D-95th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff Jeanet Presley and files her Original Petition, complaining of Defendant Home Depot U.S.A., Inc., and would show the Court as follows:

**1.00   DISCOVERY CONTROL PLAN**

Pursuant to Rule 190 *et seq* of the Texas Rules of Civil Procedure, Plaintiff requests a Level III discovery control plan.

**2.00   REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.  Plaintiff specifically requests Defendant to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

**3.00   PARTIES**

3.01   Plaintiff Jeanet Presley is an individual residing in Dallas County, Texas.

3.02   Defendant Home Depot U.S.A., Inc., is a foreign corporation authorized to do business in this State.  Its principal place of business is in Dallas County, Texas, and its principal office in this State is in Dallas County, Texas.  It may be duly served with process by serving its registered agent as follows: CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**4.00   JURISDICTION AND VENUE**

4.01   Defendant Home Depot U.S.A., Inc., has systematic and continuous contacts with the State of Texas.  For example, Defendant Home Depot U.S.A., Inc., has stores and offices throughout the State of Texas.  It does business in this State by, among other things, entering into contracts with Texas residents for work to be performed in Texas.  This Court has both general and specific jurisdiction over Home Depot U.S.A., Inc.

4.02   The amount in controversy, exclusive of costs and interest, exceeds the minimum jurisdictional limits of this Court.

4.03   Venue is proper in Dallas County because Defendant Home Depot, U.S.A., Inc.'s principal office in Texas is in Dallas County.

**5.00   STATEMENT OF FACTS**

On or about September 4, 2006, Plaintiff Jeanet Presley was approaching the check out registers at the front of the Home Depot store located at 6110 Lemmon Avenue in Dallas, Texas, when an employee of Home Depot approached her about applying for a Home Depot Credit Card.  As Ms. Presley turned to continue toward the check out registers, she slipped and fell in a pool of water from an unknown source.  As a result of the fall, Ms. Presley suffered severe injuries requiring both immediate and long term care.

**6.00   Cause of Action Against Defendant Home Depot USA, Inc.**

Plaintiff would show that the negligent acts and omissions of Defendant were a direct and proximate cause of the incident in question and the resulting injuries and damages she sustained. The violations, negligent acts and omissions are, among others, are as follows:

    a.    Defendant failed to provide a safe pathway on which to walk;

    b.    Defendant failed to properly maintain and/or clean the floor area in question;

    c.    Defendant failed to properly inspect the floor area in question;

    d.    Defendant failed to warn the public of the dangerous condition;

    e.    Defendant negligently allowing a dangerous condition to be created on the premises.

    f.    Defendant failed to properly maintain the premises in a safe condition.

**8.00   Damages**

8.01   Plaintiff seeks those damages which a judge finds to be fair and reasonable under the circumstances.

8.02   As a result of the incident described herein, Jeanet Presley incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

8.03   Jeanet Presley has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

8.04   Jeanet Presley has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

8.05    Jeanet Presley has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

8.06    Jeanet Presley has suffered lost wages and/or lost earning capacity in the past as a result of the incident and, in all reasonable probability, such lost earning capacity will continue in the future.

## 9.00   CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff herein claims lawful interest in accordance with Article 5069-1.05 of the V.A.T.S. and any other applicable law.

## 10.00  JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff have judgment against Defendants for damages described herein, for costs of suit, interest from the date of the incident and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Barrett Havran
State Bar No. 24051777
SOMMERMAN & QUESADA, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 (Telephone)
(214) 720-0184 (Facsimile)

ATTORNEYS FOR PLAINTIFF

2



**CAUSE NO. 07-10228**

| | | |
|---|---|---|
| JEANET PRESLEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | D-95TH JUDICIAL DISTRICT |

<u>HOME DEPOT U.S.A., INC., DEFENDANT'S</u>
<u>ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HOME DEPOT U.S.A., INC.**, Defendant, and files this its Original Answer and would respectfully show the Court as follows:

**I.**

Pursuant to TEX. R. CIV. P. 92, Defendant hereby enters its general denial and demands strict proof of each and every allegation in Plaintiffs' Original Petition by a preponderance of the credible evidence as required by the laws and constitution of the State of Texas.

**II.**

For further answer, Defendant would show that at the time and occasion in question, the Plaintiff failed to use ordinary care, that is, failed to do that which a person of ordinary prudence would have done under the same or similar circumstances or did that which a person of ordinary prudence would not have done under the same or similar circumstances and such was negligence and a proximate cause of the Plaintiff's alleged damages.

WHEREFORE, PREMISES CONSIDERED, **HOME DEPOT U.S.A., INC.**, Defendant, respectfully requests that **JEANET PRESLEY**, Plaintiff, take nothing by her cause of action and

that Defendant go hence without day with its costs and for such other relief, both in law and equity,

to which it may show itself justly entitled.

Respectfully submitted,

SUCHOCKI & ASSOCIATES, P.C.
Crosslands Plaza
6320 Southwest Blvd., Suite 222
Fort Worth, Texas  76109
(817) 338-0088
(817) 338-0086 Fax

By: _____
Bernard R. Suchocki
State Bar No. 19458500

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to counsel of record pursuant to TEX. R. CIV. P. 21 and 21a.

DATED:   October 4, 2007

_____
Bernard R. Suchocki

3



CAUSE NO. DC-07-10228

| | |
|---|---|
| **JEANET PRESLEY** | In the District Court |
| **vs.** | Dallas County, Texas |
| **HOME DEPOT USA INC** | 95th District Court |

<u>SCHEDULING ORDER (LEVEL 1 OR 2)</u>

    In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause.

    1.  This case will be ready and is set for **JURY TRIAL** on **October 06, 2008 at 8:30 AM**. (the "Initial Trial Setting"). If not reached as set, the case may be carried to the next week.

    2.  Unless otherwise ordered, discovery in this case will be controlled by: **Rule 190.3 (Level 2)**

of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

    3.  Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

    4.  Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a(c) motions must be heard no later than thirty (30) days before trial.

    5.  No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

    6.  The parties shall mediate this case no later than seven (7) days before the Initial Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation.

    7.  The mediator may be selected by agreement of all parties; if one cannot be agreed upon within ninety (90) days **HON. JOE B. BROWN 214-752-5219** is hereby appointed mediator. The parties must advise both the Court and the aforementioned mediator in writing of any agreed mediator within ninety (90) days of the date this Order is signed. Any mediator substitution requested beyond such time may only be made by motion for submission to the Court for good cause.

    8.  At least three (3) days before the Initial Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before three (3) days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters.

SIGNED October 19, 2007

                           _District Judge_

**FAILURE TO APPEAR AT THE TRIAL SETTING SHALL
RESULT IN DISMISSAL OF THIS CASE FOR WANT OF PROSECUTION**

1

4



**CAUSE NO. 07-10228**

| | | |
|---|---|---|
| JEANET PRESLEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | D-95TH JUDICIAL DISTRICT |

## HOME DEPOT U.S.A., INC., DEFENDANT'S FILING OF AGREEMENT PURSUANT TO TEX. R. CIV. P. 11

COMES NOW, **HOME DEPOT U.S.A., INC.**, Defendant in the above-styled and numbered cause, and files the following agreement attached hereto as Exhibit "A," in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

SUCHOCKI & ASSOCIATES, P.C.
Crosslands Plaza
6320 Southwest Blvd., Suite 222
Fort Worth, Texas 76109
(817) 338-0088
(817) 338-0086 (fax)

By _____
Bernard R. Suchocki
State Bar No. 19458500

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to Texas Rules of Civil Procedure 21 and 21a.

DATED:   November 8, 2007

_____
Bernard R. Suchocki

HOME DEPOT U.S.A., INC., DEFENDANT'S FILING OF AGREEMENT PURSUANT TO TEX. R. CIV. P. 11
Presley\Pldg.Def.Rule11.110807

# EXHIBIT "A"

ATTORNEYS AND COUNSELORS AT LAW
CROSSLANDS PLAZA
6320 SOUTHWEST BLVD., SUITE 222
FORT WORTH, TEXAS 76109
TELEPHONE (817) 338-0088
TELECOPIER (817) 338-0086

BERNARD R. SUCHOCKI
Board Certified ~ Personal Injury Trial Law
Texas Board of Legal Specialization

Email suchocki@txlegal.com

November 6, 2007

**Via Fax**

Mr. Barrett Havran
SOMMERMAN & QUESADA
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219-4461

Re: **Jeanet Presley v. Home Depot U.S.A., Inc.;**
**Cause No. DC-07-10228-D**

Dear Mr. Havran:

This letter will confirm that Plaintiff has allowed a two week extension for Home Depot, U.S.A., Inc., to answer and/or object to Plaintiff's discovery requests. The following will now be due on or about November 29, 2007:

a)   Home Depot, U.S.A., Inc., Defendant's Answers to Plaintiff's First Set of Interrogatories;

b)   Home Depot, U.S.A., Inc., Defendant's Responses to Plaintiff's First Request for Production; and,

c)   Home Depot, U.S.A., Inc., Defendant's Response to Request for Disclosure.

If this accurately reflects or agreement, please sign in the lower left-hand corner and fax this letter back to our office.

We appreciate your cooperation.

Sincerely,

SUCHOCKI & ASSOCIATES, P.C.

Bernard R. Suchocki

BRS:kr

AGREED:
By:

Barrett M. Havran
Attorney for Plaintiff



5

CAUSE NO. 07-10228-D

| | | |
|---|---|---|
| JEANET PRESLEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | 95TH JUDICIAL DISTRICT |

## AGREED MOTION TO SUBSTITUTE MEDIATOR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff and Defendant herein, file this Agreed Motion for Substitution of Mediator and would show as follows:

### I.

On October 19, 2007, the Court entered a Scheduling Order appointing Joe B. Brown as mediator.

### II.

Counsel for Defendant has conferred with counsel for Plaintiff to substitute Rip Parker, Gilbert Mediation Group, 3131 Mc Kinney Avenue, Suite 125, Dallas, Texas 75204 as mediator. All parties are agreeable to substitute Mr. Brown for Mr. Parker as mediator and have signed this Agreed Motion. Mediation with Mr. Parker has been scheduled for April 21, 2008, at 9:00 a.m.

WHEREFORE, the parties joined in this Motion, respectfully request that this Agreed Motion to Substitute Mediator be granted.

Respectfully submitted,

SOMMERMAN & QUESADA, L.L.P.

_____

Barrett M. Havran
State Bar No. 24051777
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 (Telephone)
(214) 720-0184 (Facsimile)

ATTORNEYS FOR PLAINTIFF

AGREED:

_____
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has this date been sent to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

| | |
|---|---|
| Certified Mail/Return Receipt Requested | _____ |
| Hand Delivery | _____ |
| Telecopy | _____ |
| Regular Mail | _____ |

DATED: March _____, 2008.

_____

Barrett M. Havran

CAUSE NO. 07-10228-D

| | | |
|---|---|---|
| JEANET PRESLEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | 95TH JUDICIAL DISTRICT |

## AGREED ORDER

On this _____ day of March, 2008, came on to be heard the parties in the above-referenced cause and the Court, having read the agreed motion and having heard the arguments of counsel, grants the motion.

IT IS THEREBY ORDERED that Rip Parker be substituted in this case as mediator.

_____

JUDGE PRESIDING

AGREED:

_____
Barrett M. Havran,
Attorney for Plaintiff

_____
Bernard R. Suchocki,
Attorney for Defendant



6

*Left Ebott*

## JUDGE'S DOCKET,

| Action: | Filing: | No. _____ |
|---|---|---|

| PARTIES | | ATTORNEYS |
|---|---|---|

**DC – 07 – 10228**
Filed:09/04/2007

OTHER PERSONAL INJURY  95th District Court

JEANET PRESLEY vs. HOME DEPOT USA INC

| Plaintiff | Lead Attorney |
|---|---|
| PRESLEY, JEANET | HAVRAN, BARRETT |

*Sommerman, +*
*Quinbula*

| Defendant | Lead Attorney |
|---|---|
| HOME DEPOT USA I | |

Suchocki + Assoc.
Bernard R. Suchocki  19458500
6320 Southwest Blvd  Ste 222
Ft Worth, Tx  76109
     817 338 0088

| JURY DEMAND, DATE 7-4-07 | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY VOL PAGE 7 43A 039 | 10-19-07 | | Hon Joe B. Brown | | | | Mediater | 214-753-5519 | | |
| REPORTED HEARING | 10-19-07 | | JT | | 10-6-08 | | | | | |
| DATE WIT. EX. RPTR | 10-19-07 | | USD Mediel Ali Parker | | | | | | | |
| | | | Substitute Mediater Reg Parker | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

DISPOSITION
- To fed court _____ □
- To another county ____ □
- D.W.P. _____ □
- Nonsuit _____ □
- Default _____ □
- Agreed Jgt _____ □
- Summary Jgt _____ □
- Ex parte Jgt _____ □
- Nonjury trial _____ □
- Jgt on verdict _____ □
- Dir verd or NOV ____ □
- Other disposition ___ □

JURY ACTIVITY
- Voir dire _____
- Jury sworn _____
- Ev to jury _____
- Mistrial _____
- Hung jury _____
- Dir verd _____
- Verdict _____

| | | |
|---|---|---|
| 10.19.07 | USB | |
| 3-14-08 | A/C Substitute Medicator | 408D |

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this _____ day of _____ A.D. _____

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# CASE SUMMARY
## CASE NO. DC-07-10228

| | | | | |
|---|---|---|---|---|
| JEANET PRESLEY | § | | Location: | **95th District Court** |
| vs. | § | | Judicial Officer: | **JOHNSON, KAREN** |
| HOME DEPOT USA INC | § | | Filed on: | **09/04/2007** |
| | § | | | |

---

### CASE INFORMATION

Case Type: **OTHER PERSONAL INJURY**
Sub Type: **OTHER PERSONAL INJURY**

---

### PARTY INFORMATION

| | | Lead Attorneys | |
|---|---|---|---|
| **PLAINTIFF** | **PRESLEY, JEANET** | **HAVRAN, BARRETT** *Retained* | 214-720-0720 |
| **DEFENDANT** | **HOME DEPOT USA INC** | **SUCHOCKI, BERNARD R** *Retained* | 817-338-0088 |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/04/2007 | ORIGINAL PETITION (OCA) | |
| 09/04/2007 | ISSUE CITATION | |
| 09/04/2007 | JURY DEMAND (OCA)<br>    Party: PLAINTIFF PRESLEY, JEANET | *Vol./Book J24, Page39, 1 pages* |
| 09/04/2007 | **CITATION**<br>HOME DEPOT USA INC    served  09/26/2007 | |
| 10/09/2007 | ORIGINAL ANSWER - GENERAL DENIAL<br>    Party: DEFENDANT HOME DEPOT USA INC<br>    *HOME DEPOT U.S.A INC* | |
| 10/19/2007 | NOTE - ADMINISTRATOR<br>    *NOTICE JURY TRIAL 10-6-2008 MAILED ALL PARTIES* | |
| 10/19/2007 | NOTE - ADMINISTRATOR<br>    *UNIFORM SCHEDULING ORDER MAILED ALL PARTIES* | |
| 10/19/2007 | SCHEDULING ORDER | *Vol./Book 403D, Page185, 1 pages* |
| 11/09/2007 | RULE 11 | |
| 03/11/2008 | MOTION - SUBSTITUTE MEDIATOR<br>    Party: PLAINTIFF PRESLEY, JEANET;  DEFENDANT HOME DEPOT USA INC | |
| 03/14/2008 | NOTE - ADMINISTRATOR<br>    *AGREED ORDER SUBSTITUTE MEDIATOR SIGNED; COPIES MAILED ALL PARTIES* | |
| 10/06/2008 | **Jury Trial - Civil** (8:30 AM) (Judicial Officer: JOHNSON, KAREN) | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|
| | |

*Printed on 03/17/2008 at 1:31 PM*



GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-07-10228

**PLAINTIFF** PRESLEY, JEANET

| | | |
|---|---|---|
| Total Charges | | 255.00 |
| Total Payments and Credits | | 255.00 |
| **Balance Due as of 3/17/2008** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 09/04/2007 | Charge | | PLAINTIFF PRESLEY, JEANET | 217.00 |
| 09/04/2007 | Charge | | PLAINTIFF PRESLEY, JEANET | 38.00 |
| 09/04/2007 | PAYMENT (CASE FEES) | Receipt # 50334-2007-DCLK | PLAINTIFF PRESLEY, JEANET | (255.00) |

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ____ day of _____ A.D. _____

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B"

*LEVEL 4*

## JUDGE'S DOCKET,

| Action: | Filing: | No. _____ |
|---|---|---|

| PARTIES | | ATTORNEYS |
|---|---|---|

**DC – 07 – 10228**
Filed:09/04/2007

OTHER PERSONAL INJURY 95th District Court

JEANET PRESLEY vs. HOME DEPOT USA INC

| Plaintiff | Lead Attorney |
|---|---|
| PRESLEY, JEANET | HAVRAN, BARRETT |
| | *Sommerhen, +* |
| | *Quesada* |

| Defendant | Lead Attorney |
|---|---|
| HOME DEPOT USA I | |

*Suchocki + Assoc.*
*Bernard R. Suchocki* 19458500
*6320 Southwest Blvd Ste 222*
*Ft Worth, Tx 76109*
   *817 338 0088*

| JURY DEMAND DATE *9-4-07* | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY *P JJM* VOL *03* PAGE | 10-19-07 | | *Hon Que B Brown* | *mediator* | | *214-752-3319* | | | | |
| REPORTED HEARING | 10-19-07 | | *JT* | 10-6-08 | | | | | | |
| | 10-19-07 | | *USO Mailed all Parties* | | | | | | | |
| | | | *Substitute Mediator Rip Parker* | | | | | | | |

| DATE | WIT. | EX. | RPTR |
|---|---|---|---|

**DISPOSITION**
To fed court..............☐
To another county ....☐
D.W.P..........................☐
Nonsuit .....................☐
Default .......................☐
Agreed Jgt ...............☐
Summary Jgt .........☐
Ex parte Jgt ...........☐
Nonjury trial ..........☐
Jgt on verdict ........☐
Dir verd or NOV .....☐
Other disposition   ☐

**JURY ACTIVITY**
Voir dire ————
Jury sworn ————
Ev to jury ————
Mistrial ————
Hung jury ————
Dir verd ————
Verdict ————

Case 3:08-cv-00476-PH   Document 1   Filed 03/19/08   Page 35 of 44   PageID 35

| DATE | |
|------|--|
| 10.19.07 | U.O.D |
| 3-14-08 | A/O Substitute Medicator   408D |

# CASE SUMMARY
## CASE NO. DC-07-10228

| | | |
|---|---|---|
| JEANET PRESLEY | § | Location: **95th District Court** |
| vs. | § | Judicial Officer: **JOHNSON, KAREN** |
| HOME DEPOT USA INC | § | Filed on: **09/04/2007** |
| | § | |

---

### CASE INFORMATION

Case Type: **OTHER PERSONAL INJURY**
Sub Type: **OTHER PERSONAL INJURY**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **PRESLEY, JEANET** | **HAVRAN, BARRETT** 214-720-0720 |
| | | *Retained* |
| **DEFENDANT** | **HOME DEPOT USA INC** | **SUCHOCKI, BERNARD R** 817-338-0088 |
| | | *Retained* |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/04/2007 | ORIGINAL PETITION (OCA) | |
| 09/04/2007 | ISSUE CITATION | |
| 09/04/2007 | JURY DEMAND (OCA) | *Vol./Book J24, Page39, 1 pages* |
| | Party: PLAINTIFF PRESLEY, JEANET | |
| 09/04/2007 | **CITATION** | |
| | HOME DEPOT USA INC       served  09/26/2007 | |
| 10/09/2007 | ORIGINAL ANSWER - GENERAL DENIAL | |
| | Party: DEFENDANT HOME DEPOT USA INC | |
| | *HOME DEPOT U.S.A INC* | |
| 10/19/2007 | NOTE - ADMINISTRATOR | |
| | *NOTICE JURY TRIAL 10-6-2008 MAILED ALL PARTIES* | |
| 10/19/2007 | NOTE - ADMINISTRATOR | |
| | *UNIFORM SCHEDULING ORDER MAILED ALL PARTIES* | |
| 10/19/2007 | SCHEDULING ORDER | *Vol./Book 403D, Page185, 1 pages* |
| 11/09/2007 | RULE 11 | |
| 03/11/2008 | MOTION - SUBSTITUTE MEDIATOR | |
| | Party: PLAINTIFF PRESLEY, JEANET; DEFENDANT HOME DEPOT USA INC | |
| 03/14/2008 | NOTE - ADMINISTRATOR | |
| | *AGREED ORDER SUBSTITUTE MEDIATOR SIGNED; COPIES MAILED ALL PARTIES* | |
| 10/06/2008 | **Jury Trial - Civil** (8:30 AM)  (Judicial Officer: JOHNSON, KAREN) | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|
| | |

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-07-10228

**PLAINTIFF** PRESLEY, JEANET

| | |
|---|---|
| Total Charges | 255.00 |
| Total Payments and Credits | 255.00 |
| **Balance Due as of 3/17/2008** | **0.00** |

| Date | Type | | | Party | Amount |
|---|---|---|---|---|---|
| 09/04/2007 | Charge | | | PLAINTIFF PRESLEY, JEANET | 217.00 |
| 09/04/2007 | Charge | | | PLAINTIFF PRESLEY, JEANET | 38.00 |
| 09/04/2007 | PAYMENT (CASE FEES) | Receipt # 50334-2007-DCLK | | PLAINTIFF PRESLEY, JEANET | (255.00) |

# SOMMERMAN & QUESADA, L.L.P.

TELEPHONE 214-720-0720
TOLL FREE 800-900-5373
TELECOPIER 214-720-0184
personalinjury@textrial.com
www.textrial.com

3811 TURTLE CREEK BOULEVARD, SUITE 1400
DALLAS, TEXAS 75219

* ANDREW B. SOMMERMAN †
GEORGE (TEX) QUESADA ††
BARRETT M. HAVRAN
HEATHER LONG

* AL ELLIS † **
Of Counsel

* Board Certified in Personal Injury Trial Law
** Board Certified in Civil Trial Law
† Certified Civil Trial Advocate;
National Board of Trial Advocacy
† College of the State Bar of Texas
†† Licensed in Texas & New Mexico

February 27, 2008

**VIA FACSIMILE** 817/338-0088
**& CM/RRR** 7006 2760 0000 2845 9134
Bernard Suchocki
Suchocki & Associates, P.C.
6320 Southwest Bvd. Suite 222
Fort Worth, Texas 76109

|       |              |                |
|-------|--------------|----------------|
| Re:   | Our Client:  | Jeanet Presley |
|       | Date of Loss:| 09/04/2006     |
|       | Your Client: | Home Depot     |
|       | Cause No.:   | 07-10228-D     |

Dear Mr. Suschocki:

Please be advised that Jeanet Presley demands the sum of $135,000.00 (One Hundred Thirty-Five Thousand Dollars) to settle any and all claims against Home Depot U.S.A., Inc., for the injuries she sustained while shopping at the Home Depot store located on 6110 Lemmon Ave., Dallas, Texas. The fall that Ms. Presley suffered on September 4, 2006, was a direct result of a dangerous condition created by Home Depot, and the injures that my client sustained require both immediate and long term care. Ms. Presley's injuries could had been avoided, if Home Depot had acted as a reasonable and prudent business and moped the three-feet pool of water that was allowed to collect in the high traffic area around the register/check-out counters. Thus, the most troublesome of this incident is that Home Depot could had prevented this incident, if they had taken the necessary steps to place some sort of warning signs around the pool of water while the issue was properly addressed.

The liability is clear in this case. The incident in question was a direct result of Home Depot's negligence by allowing a dangerous condition to exist while a three-feet pool of water was collecting by the registers/check-out stands. It is our understanding that the source for this leak was was due to a pipe in the ceiling in the store. Thus, Home Depot's employees or agents either knew or should had known about this problem. There are no excuses for a company not to notice or address such a problem. Ms. Presley, in addition to all the witnesses to the fall, will testify to the size of this pool of water that would had required a substantial amount of time to collect. Once again, there were no warning signs to the paying customers of Home Depot warning them of the dangerous condition. Again, the most troublesome thing about this dangerous condition was its location, the pool of water was located at a high traffic area where people walk every day, and in front of the cashiers at the store. There are no viable defenses that Home Depot had no knowledge or should had known about this dangerous condition due to the location of the pool of water. As a

Mr. Bernard Suchocki Letter
February 27, 2008
Page 2

result of Home Depot's negligence, Ms. Presley slipped in this pool of water and felt. Due to the area where this condition existed, I am sure that many of the Dallas County jurors would be shocked to learn that Home Depot was not looking out for their customers' safety and that Home Depot was indifferent to the hazards being created by their leaking pipes.

As a result of this incident, Ms. Presley was severely injured. As of today, Ms. Presley has incurred over Forty-Three Thousand Dollars ($43,000.00) in medical expenses, and she is expected to incur additional medial expenses to assist her in dealing with her pain. The severe impact of her fall caused significant injuries to Ms. Presley's back and neck. In particular, the fall resulted in a bulging disk at the C5-C6 level and at the L5-S1 level. Subsequently, Ms. Presley was forced to undergo multiple injections to control her pain in her lower back, hip and leg. As you may be aware from the medical records, the doctors have noted the need for these injections and relate this need to the September 4, 2006, fall. These injections provided Ms. Presley with enough relief that she no longer requires the assistance of a cain in order to walk. The injures that Ms. Presley suffered on September 4, 2006, will continue to cause her problems in the future and for the rest of her life.

After almost a year on pain medication, therapy and injections, Ms. Presley was finally released from medical care in July of 2007. Although the bulging disks in her back and neck are still present, Ms. Presley has come to a point where her pain is under control. However, there is no guarantee that the pain will remain under control or that she will be able to recover fully from her injuries.

As a result of the incident described herein, Ms. Presley incurred medical expenses and in all reasonable probability such medical expenses will continue in the future. Following is an itemization of bills incurred to date:

| | |
|---|---:|
| Key Health Medical Solutions/North Dallas Comprehensive | $ 34,711.00 |
| Prestige Imaging | $ 1,400.00 |
| Texas Imaging & Diagnostic | $ 3,200.00 |
| Metroplex Orthopedics, PA | $ 2,506.00 |
| Dr. Pedro Nosnik | $ 873.00 |
| QVL | $ 845.27 |
| **Total** | $ 43,535.27 |

(please see attached disk which contains complete copies of medical records and bills)

We are confident that a Dallas County jury will compensate Ms. Presley for her injuries in excess of this demand, given the fact that these injuries have affected on her ability to physically move, work, and her general enjoyment of life.

Mr. Bernard Suchocki Letter
February 27, 2008
Page 3

Should Home Depot refuse to pay this demand, it is our client's intention to pursue all appropriate legal remedies. The court costs and discovery in this matter will be substantial given the clear liability on this case.

Our demand for $135,000.00 encompasses all of Ms. Presley's claims as to Home Depot. A reasonable and prudent company would certainly accept this offer of settlement considering the potential exposure above this demand.

Ms. Presley agrees to satisfy any and all liens and subrogation interests from the proceeds of this settlement.

Sincerely,

Barrett Havran

BMH/eg
N:\CAS\4000\4055\Correspondence\Stowers.frm

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jeanet Presley

**DEFENDANTS** 3-08CV0475-B
Home Depot U.S.A., Inc.

**(b)** County of Residence of First Listed Plaintiff   Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Cobb
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
MAR 1 9 2008

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Barrett Havran; Sommerman & Quesada, LLP (214) 720-0720
8311 Turtle Creek Blvd., Suite 1400, Dallas, TX 75219

Attorneys (If Known)
Leonard K. Suchocki; Suchocki & Associates, P.C. (817) 338-0088
6320 Southwest Blvd., Suite 222, Fort Worth, TX 76109

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441
Brief description of cause:
28 U.S.C. § 1441

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE   March 18, 2008
SIGNATURE OF ATTORNEY OF RECORD   Barrett Havran

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

RECEIVED

MAR 19 2008

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

# SUPPLEMENTAL CIVIL COVER SHEET FOR
# CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.*

1.   **Style of the Case:**                                 **3-08 CV 0475 - B**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Plaintiff – Jeanet Presley<br>3002 Mahanna Springs, Apt. A<br>Dallas, Texas 75235 | Barrett Havran<br>State Bar No. 24051777<br>SOMMERMAN & QUESADA<br>3811 Turtle Creek Blvd., Suite 1400<br>Dallas, Texas 75219<br>(214) 720-0720 |
| Defendant – Home Depot U.S.A., Inc.<br>2455 Paces Ferry Road<br>Atlanta, Georgia 30339 | Bernard R. Suchocki<br>State Bar No. 19458500<br>SUCHOCKI & ASSOCIATES, P.C.<br>Crosslands Plaza<br>6320 Southwest Blvd., Suite 222<br>Fort Worth, Texas 76109<br>(817) 338-0088 |

2.   **Jury Demand:**

Was a Jury Demand made in State Court?        _X_ Yes        ___ No

If *"Yes,"* by which party and on what date?

Jeanet Presley _____        September 4, 2007
Plaintiff                                                                    Date

3.   **Answer:**

Was an Answer made in State Court?        _X_ Yes        ___ No

If *"Yes,"* by which party and on what date?

Defendant _____        October 4, 2007
Defendants                                                                  Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.　　**Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                              **Reason(s) for No Service**

　　None.

5.　　**Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                              **Reason**

　　None.

6.　　**Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                              **Claim(s)**

　　Jeanet Presley                          Plaintiff Jeanet Presley claims injuries as a result of her stepping in a substance on the floor.